**Agnes B. YOUNG, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**No. 65 Civ. 3436.**

United States District Court
S. D. New York.

Aug. 15, 1966.

Harold B. Berke, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., for the S. D. of New York, Judith N. Stein, Asst. U. S. Atty., of counsel, for defendant.

## MEMORANDUM

TENNEY, District Judge.

Under Section 202(e) (1) of the Social Security Act (hereinafter cited as the "Act"), 42 U.S.C. § 402(e) (1) (1964), the widow of an individual who died a

"fully-insured individual" is entitled to a widow's insurance benefit.

This case presents the issue of whether the deceased husband herein may be credited for social security purposes with self-employment income for 1957, the year of his death, where such self-employment income was derived from a partnership of which he was a member—the partnership year of which did not close until after his death.

The undisputed facts are as follows:

Plaintiff Agnes B. Young was born on November 4, 1898, and on November 27, 1920 was married to George B. Young, with whom she lived until his death on July 3, 1957.

Mr. Young was a partner in the law firm of Jones, Day, Cockley and Reavis, Esqs., of Cleveland, Ohio, from November of 1938 until the time of his death.

Prior to the Social Security Amendment of 1956, 70 Stat. 807 (1956), self-employed attorneys were not covered by the Social Security Program; therefore Mr. Young did not earn any quarters of coverage in such occupation for the years prior to 1956. His Social Security record credits him with four (4) quarters of coverage for the taxable year 1956, based on self-employment income derived by him during the year. However, except as hereinafter noted, such record is devoid of any entry for the taxable year 1957.

Following Mr. Young's death on July 3, 1957, plaintiff and Richard H. Stewart, Executor of Mr. Young's estate, on March 6, 1958 filed jointly on behalf of plaintiff and her deceased husband an Individual Income Tax Return Form 1040 for the year 1957. The only income from a trade or business reported on such form was that attributable to the plaintiff's activities as an author. Only one Schedule C (Schedule of Profit (or Loss) from Business or Profession) was attached to Form 1040 and listed only plaintiff's income. The only income reported therein as attributable to Mr. Young consisted of gains from sales or exchanges of property, stock dividends, interest on bank accounts and bonds, and rental income. This March 1958 return was totally devoid of reference to a partnership interest held by Mr. Young or to any income derived by him from such partnership.

Subsequently, on April 18, 1958, the Executor of Mr. Young's estate took steps preliminary to the filing of an Amended Individual Income Tax Return on the part of Mr. Young and his widow, the plaintiff herein. This return was substantially the same as the previously discussed original filing.

The only change was the listing in Schedule H (Other Income) of $6,053.75 as income derived from the estate of Mr. Young, an amount which had not been listed on the previous Form 1040. Mr. Young's Executor has explained that "this amount represented distribution of $6,000 of anticipated income from the firm, plus $53.75 dividends distributed to [plaintiff]. This distribution was made so as to reduce the income tax for the estate * * *."

The fiduciary tax return filed on behalf of Mr. Young's estate reported the receipt of income from the partnership in the total amount of $14,633.42, this being the total amount distributed in respect of Mr. Young's partnership interest for the year 1957. The estate claimed as a deduction from this sum $6,053.75, listed as a distribution to the beneficiary of the estate, the plaintiff herein.

Aside from the three above-mentioned tax returns, and except as hereinafter set forth, there is no evidence that any other tax return relating to Mr. Young's income for the year 1957 has ever been filed, and neither the original nor the amended filing of Form 1040 included a Schedule C (Self-Employment Tax Return) on his behalf.

Mr. Young's Executor has stated, as noted above, that the 1957 return did not report any taxable income to Mr. Young from his law firm partnership because of the partnership arrangement, which provided for the continuance of the partnership after the death of any partner, and that under the applicable income

tax laws, income of a partnership is taxed to the person entitled to the income at the close of the partnership's taxable year. In other words, that at the end of the taxable year 1957 Mr. Young's estate was treated for tax purposes as having received the entire income to which he was entitled for that year.

On October 29, 1963, plaintiff filed a claim for Widow's Insurance Benefits, based on the earnings record of her deceased husband as aforesaid. Thereafter, on November 3, 1965, plaintiff filed with the Internal Revenue Service at 120 Church Street, New York, New York, a Form 1040 (Schedule SE) for 1957, showing total earnings from self-employment by Mr. Young of $6,053.75 for the year 1957 and paid the maximum tax due thereon, together with interest from April 15, 1958 to the date of payment.

Plaintiff's application was denied on August 30, 1965.

Having exhausted her administrative remedies, on November 15, 1965 plaintiff instituted an action in this Court under 42 U.S.C. § 405(g) (1964) (Section 205 (g) of the Act) for judicial review of the adverse determination. Both parties have filed motions for summary judgment.

■ It seems clear that if the findings of defendant were founded upon substantial evidence contained in the administrative record considered as a whole and are in accordance with the applicable statutes, this Court must sustain such evidence. This is clearly mandated by Section 205(g) of the Act, 42 U.S.C. § 405(g). See Hobby v. Hodges, 215 F.2d 754, 757 (10th Cir. 1954). The findings of defendant are conclusive as to both evidentiary and basic facts if supported by substantial evidence, and also as to the ultimate findings which may be inferred therefrom. Rosewall v. Folsom, 239 F.2d 724 (7th Cir. 1957); United States v. Lalone, 152 F.2d 43 (9th Cir. 1945). The Court may not substitute its own inferences for those of defendant if the latter are supported by substantial

evidence. Walker v. Altmeyer, 137 F.2d 531, 533 (2d Cir. 1943); Ferenz v. Folsom, 237 F.2d 46, 49 (3d Cir. 1956), cert. denied, 352 U.S. 1006, 77 S.Ct. 569, 1 L. Ed.2d 551 (1957). Accordingly, the sole question for this Court is whether the finding by defendant's Hearing Examiner that plaintiff's deceased husband may not be credited for social security purposes with self-employment income for 1957 is supported by substantial evidence.

■ As stated by the Court of Appeals for this Circuit:

"* * * It was the judgment of the administrative body * * * rather than that of the court which the statute made effective provided that judgment was based upon conclusions reasonably reached upon due consideration of all relevant issues presented after parties in interest have been given a fair hearing or a fair opportunity to be heard upon the facts and the applicable law. Gray v. Powell, 314 U.S. 402, 62 S.Ct. 326, 86 L.Ed. 301." Walker v. Altmeyer, supra, 137 F.2d at 533–534.

The applicable statutes in relevant part within the framework of which the evidence before the Hearing Examiner must be considered are as follows:

Section 202(e) (1) of the Act, 42 U.S. C. § 402(e) (1) (1964), provides that:

"The widow * * * of an individual who died a *fully insured individual* * * * shall be entitled to a widow's insurance benefit." (Emphasis added.)

Section 214(a) of the Act, 42 U.S.C. § 414(a) (1964), as pertinent hereto, provides that:

"(a) The term 'fully insured individual' means any individual who had not less than—(1) one quarter of coverage * * * for each calendar year elapsing after 1950 * * * and before—

* * * * * *

(B) in the case of a man who has died, the year in which he died * * * except that in no case shall an individual be a fully insured individual unless he has at least 6 quarters of coverage * * *."

Section 213(a) of the Act, 42 U.S.C. § 413(a) (1964), provides that:

"(2) The term 'quarter of coverage' means a quarter * * * for which [an individual] has been credited * * * with $100 or more of self-employment income * * *."

Section 211 of the Act, 42 U.S.C. § 411 (Supp.1965), provides:

"(b) The term 'self-employment income' means the net earnings from self-employment derived by an individual * * * during any taxable year * * *"

—and that:

"(a) The term 'net earnings from self-employment' means the gross income, as computed under Chapter 1 of Title 26, derived by an individual from any trade or business carried on by such individual, * * * plus his distributive share (whether or not distributed) of * * * income or loss * * * described in section 183 of Title 26, from any trade or business carried on by a partnership of which he is a member * * *."

Section 706 of the Internal Revenue Code of 1954, 26 U.S.C. § 706 (1955) provides that:

"(a) In computing the taxable income of a partner for a taxable year, the inclusions required by section 702 * * * shall be based on the income * * * of the partnership for any taxable year of the partnership *ending within or with* the taxable year of the partner." (Emphasis added.)

The plaintiff herein cannot be entitled to the benefits claimed unless her husband was a fully insured individual at the time of his death. As the decedent's earnings record only credits him with four quarters of coverage, he is lacking two quarters necessary to attain the minimum of six necessary for insured status. Section 214 of the Act, 42 U.S.C. § 414, supra.

■ At the time of plaintiff's husband's death and of the filing of the tax returns pertinent to his income and that of his estate for the year 1957, he could not have been credited with self-employment income for the year 1957 based on any distribution of partnership income for that year because such distribution was not part of his taxable income. Section 211(a) of the Act, 42 U.S.C. § 411(a), supra, defines net earnings from self-employment based on partnership interests as such income of the individual as would constitute his distributive share of the partnership income or loss for income tax purposes. By virtue of Section 706 of Title 26 of the Code, the taxable income of a partner for the year which ends with his death does not include any share in income earned by the partnership during the partnership year which did not close until after his death. The distributive share of partnership income for such partnership year is taxed as income to the decedent's estate or other successor in interest. In effect, a partner is treated for income tax purposes as if he earned all his income at the end of the taxable year of the partnership regardless of when the partnership in fact earned the funds which form the basis for such distribution. Grant v. Busey, 230 F.2d 290 (6th Cir. 1956); Girard Trust Co. v. United States, 182 F.2d 921 (3d Cir. 1950). See Regulations of the Internal Revenue Service, 26 C.F.R. § 1.706.1(c) (3) (1961).

In fact, the decedent's executor, who was also associated with the firm in question, indicated that he did not report the distribution as taxable income to the decedent because of the partnership agreement that provided for continuation of the partnership beyond the death of any one of the partners and these earnings were derived from a taxable year which closed after July 1957. Accordingly, as such distribution was not includible in the decedent's taxable income for the year 1957, it could not be treated as net earnings from self-employment for such year and could not form the basis for crediting the decedent with quarters of coverage for that year.

In recognition of the problem presented in this type of situation, Subsection (f) was added to Section 211 of the Act by the Social Security Amendments of 1958 (Section 313(a), 72 Stat. 1036 (1958)). Section 211(f), 42 U.S.C. § 411(f) (1964), provides that:

"In computing a partner's net earnings from self-employment for his taxable year which ends as a result of his death (but only if such taxable year ends within, and not with, the taxable year of the partnership), there shall be included so much of the deceased partner's distributive share of the partnership's ordinary income or loss for the partnership taxable year as is not attributable to an interest in the partnership during any period beginning on or after the first day of the first calendar month following the month in which such partner died. * * *"

Such amendment is applicable with respect to individuals (such as decedent herein) who died before August 29, 1958, but after 1955 only if—

"(A) before January 1, 1960, there is filed a return (or amended return) of the tax imposed by chapter 2 of the Internal Revenue Code of 1954 for the taxable year ending as a result of his death, and

(B) in any case where the return is filed solely for the purpose of reporting net earnings from self-employment resulting from the amendment made by subsection (a), the return is accompanied by the amount of tax attributable to such net earnings."

Social Security Amendments of 1958.

Section 403(b) (2), 72 Stat. 1044 (1958).

It seems clear that the conditions of Section 403(b) (2), (72 Stat. 1044 (1958)), must be complied with if Section 211(f) of the Act, 42 U.S.C. § 411 (f), is to be applicable to the instant case. As already noted, neither the original individual income tax return for 1957 nor the amended return made any mention of self-employment income derived from the partnership although the later return listed a distribution of $6,000 derived from Mr. Young's estate with "represented distribution of anticipated income from the firm" which "distribution was made so as to reduce the income tax for the estate * * *." Not until November 3, 1965 (over two years after plaintiff filed her claim herein) was any attempt made to comply with the conditions of Section 403(b) (2) above. Regardless of whether the filing of the Form 1040 (Schedule SE) in November 1965 was sufficient as to form—Martlew v. Celebrezze, 320 F.2d 887 (5th Cir. 1963); but see Maloney v. Celebrezze, 236 F.Supp. 222 (N.D.Ohio 1964)—such action and payment of tax at that time was clearly not timely, being almost six years overdue. Since either or both of the conditions specified have not been met, Section 211(f) of the Act, 42 U.S. C. § 411(f), is not applicable herein and the character of the income in question must be determined in accordance with its classification for income tax purposes, i. e., as income to Mr. Young's estate and/or his successor in interest rather than income to Mr. Young. Plaintiff, through her attorney, urges that it was not the intent of Congress to restrict the application of Section 211(f) of the Act, 42 U.S.C. § 411(f), and that in any event the restriction is not effective as against plaintiff because she was not personally notified of the change in law. However, the statute appears clearly to the contrary; nor could the Social Security Administration be charged with the duty to seek out all those people who, though unknown to them, might possibly have a status which would be affected by such change.

Accordingly, I find that the decision of defendant herein results from a correct application of the law to the facts, and is accordingly affirmed. Plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted.

So ordered.