**Sadie SOKOLOFF, Plaintiff,**

v.

**Elliot RICHARDSON, as Secretary of Health, Education and Welfare, Defendant.**

**No. 72 C 711.**

United States District Court, E. D. New York.

June 26, 1973.

---

Teplin & Simins, New York City, by Irving Simins, New York City, for plaintiff.

Robert A. Morse, U. S. Atty., E. D. N. Y., Brooklyn, N. Y., by Mary P. Mc-Guire, Asst. U. S. Atty., for defendant.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff commenced this action seeking review under § 205(g) of the Social

Security Act ("the Act"), 42 U.S.C. § 405(g), of a final decision of the defendant Secretary of Health, Education and Welfare ("H.E.W.") which denied plaintiff's application for hospital insurance benefits under § 1812, 42 U.S.C. § 1395d. Defendant has moved for summary judgment on the basis of the certified administrative record, affidavit and brief.

Plaintiff was hospitalized at Kew Gardens Hospital from June 13, 1970 to June 21, 1970 and was transferred to the Woodcrest Nursing Home ("Woodcrest") on June 21, 1970, where she remains to date. She seeks recovery for $3,887.00 advanced and paid by her son, Dr. Martin F. Sokoloff, for her care and treatment at Woodcrest between June 21, 1970 and September 23, 1970. The sole issue in dispute is whether services rendered to plaintiff at the Woodcrest Nursing Home in College Point, New York, from June 21, 1970 to September 23, 1970 were custodial in nature (non-reimbursable), as the hearing examiner found, or whether they consisted of skilled nursing care (reimbursable).

■■ Section 405(g) of the Act provides in pertinent part that "[t]he findings of the Secretary as to fact, if supported by substantial evidence, shall be conclusive. . . ." The district court has no authority to hear the case de novo. Zimbalist v. Richardson, 334 F. Supp. 1350, 1355 (E.D.N.Y.1971). The finality accorded the Secretary's findings extends not only to the evidentiary or basic facts, but also to ultimate facts drawn therefrom as inference or conclusion. Weir v. Richardson, 343 F.Supp. 353, 355 (S.D.Iowa 1972); Young v. Gardner, 259 F.Supp. 528, 531 (S.D.N.Y.1966).

■ Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 619–620, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966); Universal Camera Corp. v. NLRB, 340 U.S. 474, 477–487, 71 S.Ct. 456, 95 L.Ed. 456 (1951); NLRB v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939). It "must do more than create a suspicion of the existence of the fact to be established," NLRB v. Columbian Enameling, supra at 300, 59 S.Ct. at 505; Weir v. Richardson, 343 F.Supp. supra at 355; Johnson v. Richardson, 336 F. Supp. 390, 392 (E.D.Pa.1971). "It must be enough, if the trial were to a jury, to justify a refusal to direct a verdict when the conclusions sought to be drawn from it is one of fact for the jury." Johnson v. Richardson, supra at 392. Thus, where there is only a slight preponderance of the evidence on one side or the other, the Secretary's findings should be affirmed. Underwood v. Ribicoff, 298 F.2d 850, 851 (4 Cir. 1962).

It should also be noted that the credibility to be given to testimony of witnesses and the weight to be given to evidence are matters to be determined by the Secretary. Johnson v. Richardson, supra 336 F.Supp. at 394; Mann v. Richardson, 323 F.Supp. 175, 179–180 (S.D. N.Y.1971). And conflicts in evidence are also matters to be resolved by him. Johnson v. Richardson, supra 336 F. Supp. at 394.

■ Nevertheless, the court is not bound to accept the Secretary's conclusions of law. Where he has failed to employ the proper legal standard in making his determination his findings may not stand. Reading v. Richardson, 339 F.Supp. 295, 300 (E.D.Mo.1972). Of course, in cases arising under § 1395, the line is often unclear as to whether a particular determination involved a question of law or one of fact. See Ridgely v. Secretary, 345 F.Supp. 983, 988–989 (D.Md.1972), affd. 475 F.2d 1222 (4 Cir. 1973).

■ In part, this ambiguity results from the relevant provisions of the Act. While the Act provides benefits for "extended care services" in § 1861(h), 42 U.S.C. § 1395x(h), it denies benefits for

"custodial care" under § 1862(a)(9), 42 U.S.C. § 1395y(a)(9). Custodial care is not defined in the Act. It is basically viewed as treatment which need not be provided in an institutional setting by trained and skilled professional personnel. Ridgely v. Secretary, 475 F.2d 1222, 1223 n. 3 (4 Cir. 1973). The reported cases are in disarray as to the standard applicable to determining whether given services taken together are custodial or skilled in nature. Thus, it is unclear to what extent an individual may receive custodial services as well as skilled nursing services and still be covered under the Act. Compare Mutzig v. Richardson, 348 F.Supp. 526 (W.D. Pa.1972), with Ridgely v. Secretary, *supra*. Clearly, however, services essentially custodial in nature are not covered.

■ In determining whether an individual should receive benefits for extended care the courts basically focus on two interrelated factors: (1) the physical condition of the claimant, or the need for skilled services, and (2) the type of services provided, or the skill required. Reading v. Richardson, *supra* 339 F. Supp. at 300; Johnson v. Richardson, *supra* 336 F.Supp. at 392–394; Sowell v. Richardson, 319 F.Supp. 689, 691–692 (D.S.C.1970). Here, the hearing examiner's decision found that plaintiff's condition did not require skilled treatment and that the level of care she received was custodial in nature. Thus, the issue before the court is whether those findings are supported by substantial evidence from the record as a whole, Johnson v. Richardson, *supra* 336 F.Supp. at 392.

Plaintiff contends that she required and received skilled nursing care, principally as a result of a severe scoliosis. In support of her claim before the hearing examiner she placed principal reliance on the testimony of Dr. Martin F. Sokoloff, her son, to the effect that plaintiff needed special traction, medication and skilled personnel. Dr. Sokoloff testified at several points that the special traction had been recommended by Dr. Felix Rosenhain, Board Certified Orthopedist, who had briefly treated plaintiff prior to her admittance to Woodcrest Nursing Home.

Also testifying before the examiner was Dr. Meyer Texon, Board Certified Internist, professor of forensic medicine, who appeared at the request of the hearing examiner as an impartial consultative medical specialist. Dr. Texon stated on the basis of the entire record, including Dr. Sokoloff's testimony and medical reports handed to the hearing examiner on the hearing date, that in his opinion plaintiff had received custodial care rather than skilled nursing care, that the medication and any traction received were of questionable value.

The hearing examiner found that determining the nature of plaintiff's care basically necessitated resolving the conflict between the testimony of Dr. Sokoloff and that of Dr. Texon. He concluded that the testimony of Dr. Texon should be awarded greater weight in that (1) Dr. Texon is disinterested, (2) he has considerable qualifications, and (3) Dr. Sokoloff is an interested party.

Plaintiff attacks this conclusion by emphasizing three matters: (1) two reports of Dr. Rosenhain, (2) the fact that Dr. Texon is not an expert on orthopedics, and (3) the brief nature of Dr. Texon's testimony. The court finds none of these matters probative of error by the hearing examiner.

(1) The first report of Dr. Rosenhain, dated June 5, 1970, is at best ambiguous as to a recommendation of hospital treatment ("hospitalization . . . may be required"). The second report, dated approximately June 21, 1970, stated simply that plaintiff had been transferred for "further medical managment." While this phrase may well indicate that plaintiff was transferred for skilled services, it does not precisely state that such services were *required*. It should also be noted that plaintiff offered no other writings or oral testimony from Dr. Rosenhain, although plaintiff asserts that the latter had promised to testify at the hearing.

■ (2) As to the issue of Dr. Texon's qualifications, the court can only point out that he is no less qualified, and probably more qualified than Dr. Sokoloff. Dr. Sokoloff is a general practitioner while Dr. Texon is a specialist and a recognized expert in forensic medicine. And in resolving a conflict in testimony between the two, the hearing examiner was entitled to consider these facts. Moreover, the examiner was entitled to consider the relationship between Dr. Sokoloff and plaintiff, and the fact that he has a stake in the outcome of this litigation, having paid plaintiff's bills. Cf. Johnson v. Richardson, *supra* 336 F.Supp. at 392–393; Mann v. Richardson, *supra* 323 F.Supp. at 179–180.

(3) Plaintiff's argument that Dr. Texon's testimony was conclusory has some merit. A review of that testimony indicates minimal effort to support his conclusions by reference to either the testimony or exhibits upon which they were said to be based.

Nevertheless, a review of the entire record indicates that both Dr. Texon and the hearing examiner had substantial grounds for concluding that plaintiff's treatment was custodial. The exhibits submitted to the hearing examiner are replete with indications that plaintiff, then 75 years of age, was placed in Woodcrest primarily because she was suffering from the afflictions of old age, including senility. A form of the City of New York Social Services indicates that "her combined senility and medical impairment . . . make it urgently necessary to be placed in nursing home," and that the reason required care could not be provided at home was that she lived alone (Exhibit 1). The H.E.W. forms regarding her admission and billing indicate no charges for services reflecting the need for skilled services, such as physical, occupational, or speech therapy (Exhibits 2–5). An inter-office letter from Dr. D. C. Kelley, a Board Certified Orthopedist, to the insurance company intermediary indicated his view that there was no evidence of any skilled level of care being given plaintiff (Exhibit 10).

Moreover, the nurses' reports contain no references to the rendering of any services which might be viewed as skilled. In particular, there is no reference to the use of traction equipment, as would be expected even if directions had been supplied orally (as Dr. Sokoloff maintained before the hearing examiner). The nurses' reports essentially indicate supervision of plaintiff due to her confused and disoriented condition (Exhibit 15).

Furthermore, the exhibits taken together indicate grounds for inferring that hospitalization for skilled treatment was not required. A letter from Woodcrest Nursing Home to Dr. Sokoloff, dated May 7, 1970, indicates that plans were being made for plaintiff's institutionalization at least a month before Dr. Rosenhain's first examination of her on June 5, 1970 (Exhibit 24). The letter states that plaintiff was to be admitted to Woodcrest on June 17, 1970 as a private patient for three months, after which a permanent place was to be reserved for her under the Medicaid program. This letter may explain in part why only eight days after Dr. Rosenhain's first report recommending maintenance at home on diminished activity, plaintiff was hospitalized.

■ After a review of the record, the court must conclude that the findings of the defendant that plaintiff neither required nor received skilled treatment pursuant to the Act are supported by substantial evidence. Herbst v. Finch, 473 F.2d 771, 774 (2 Cir. 1972); Franklin v. Secretary of Health, Education and Welfare, 393 F.2d 640, 642 (2 Cir. 1968). Cf. Mutzig v. Richardson, *supra*; Weir v. Richardson, *supra*; Johnson v. Richardson, *supra*. Compare Lord v. Richardson, 356 F.Supp. 232 (S. D.Ind.1972); Bremer v. Richardson, *supra*; Sowell v. Richardson, *supra*.

Accordingly, defendant's motion for summary judgment is granted.