Hyman P. LEVINE, Plaintiff-Appellant,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 361, Docket 30305.

United States Court of Appeals Second Circuit.

Argued May 4, 1966.

Decided May 23, 1966.

Stanley F. Meltzer, New York City, for appellant.

Ralph A. Bontempo, Asst. U. S. Atty. (Joseph P. Hoey, U. S. Atty. for Eastern Dist. of New York, Brooklyn, N. Y., with him on the brief), for the appellee.

Before LUMBARD, Chief Judge, and MOORE and FRIENDLY, Circuit Judges.

MOORE, Circuit Judge:

This is an appeal from an order of the District Court for the Eastern District of New York granting summary judgment for the defendant in a suit to review a decision of the Secretary of Health, Education and Welfare denying plaintiff's application for disability insurance benefits under 42 U.S.C. § 423 and for the establishment of a period of disability under 42 U.S.C. § 415. Levine v. Celebrezze, 247 F.Supp. 539 (E.D.N.Y.1965).

The definition of disability is the same for both sections of the statute:

"The term 'disability' means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration.[1] An individual shall not be considered to be under a disability unless he furnishes such proof of the existence thereof as may be required." 42 U.S.C. § 416(i) (1); 42 U.S.C. § 423(c) (2).

Appellant applied for disability benefits on August 5, 1963, claiming that he had been disabled since March 1, 1963. When his claim was denied he requested and obtained a hearing, held on August 13 and 26, 1964. The hearing examiner denied appellant's application, finding that he was not disabled within the meaning of the statute. The Appeals

[1]. By Section 303(a) of P.L. 89–97, enacted on July 30, 1965, after the filing of appellant's application and after the final decision of the Secretary denying appellant's application, the phrase "or to be of long-continued and indefinite duration" has been replaced by the phrase "or has lasted or can be expected to last for a continuous period of not less than 12 months." 1 U.S.Code Cong. & Ad.News 397 (1965); see S.Rep. No. 404, 89th Cong., 1st Sess. (1965), 1 U.S.Code Cong. & Ad.News pp. 1943, 1955 (1965).

Council declined to review the hearing examiner's determination, which thereby became the final decision of the Secretary. Langford v. Flemming, 276 F.2d 215, 218 (5th Cir. 1960). Appellant then brought the present suit to review the Secretary's decision under 42 U.S.C. § 405(g), which provides in part that "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *"

The question before us is whether the Secretary's finding that appellant was not disabled was supported by substantial evidence. This in turn involves an understanding of the evidence brought forth at the hearing before the hearing examiner, which can be briefly summarized as follows.

The applicant, Hyman Levine, was born in Russia in 1911. He came to America in 1923. He graduated from high school and attended night college for three years, but did not graduate. He started work as a salesman, stock clerk, and window dresser. From 1940 to 1963 he worked as a field investigator for the New York State Department of Labor, inspecting businesses for compliance with State labor laws. From 1950 or 1951 to 1963, he also worked part-time on his own as an accountant, preparing income tax returns. He lives in a private home with his wife, son, and daughter.

On March 20, 1962, appellant suffered a mild heart attack. He spent four weeks in Adelphi Hospital and returned to work on June 1, 1962. On April 27, 1963, he suffered a second heart attack and returned to Adelphi Hospital. After a month in the hospital, he spent four or five weeks in bed. He did not return to his job with the New York State Department of Labor, which eventually retired him as "physically incapacitated for the performance of duty as an Investigator * * *, or for similar duties." His insurance company has approved his application for waiver of premium benefits on the grounds of total disability. At present he rarely leaves his house, except to buy the paper; to see his doctor, Doctor Schaeffer, who attended him in Adelphi Hospital; or to walk to a nearby park. He also drives his car once a month to the barbershop to get his hair cut. On one occasion he went to the Internal Revenue Service on behalf of an old client, spending roughly three hours there. On another he visited his daughter at a camp in Pennsylvania. Occasionally he experiences pains in his chest, sometimes sharp, for which he takes nitroglycerin pills. He testified that he experiences shortness of breath if he takes long walks, or in hot or windy weather.

The medical evidence was in conflict. Hospital records indicated anterior wall infarct, associated with coronary sclerosis. Dr. Schaeffer reported an enlarged heart, and said that the patient was restricted to sedentary activities. In a later report, Dr. Schaeffer diagnosed the chest pains as angina, and recommended that appellant retire.

Dr. Cutler, who examined appellant in November, 1963, found his heart normal in size; found the residuals of two myocardial infarctions; described the chest pains as skeletal anterior chest wall pains, not cardiac in origin; and found little shortness of breath. Dr. Cutler concluded that Mr. Levine "has made an excellent functional recovery within the limits of the restricted life which he now leads" and "on his present routine * * * demonstrates no cardio-vascular or respiratory symptoms."

Dr. Friedberg, Chief of Cardiology at Mt. Sinai Hospital and associate clinical professor of medicine at the College of Physicians and Surgeons, evaluated the medical reports at the hearing, though he had not examined the patient himself. He thought angina was present. He thought that ordinary physical activities should not be restricted, but that the patient should be advised against severe or competitive physical efforts. He said that the patient might be regarded as having a 25 or 30 per cent impairment, though he later qualified this appraisal by saying that he meant "impairment after optimal therapeutic and

rehabilitation measures," which he did not believe had been undertaken in this case.

Mr. Samuel Weinstock, a close friend of appellant, testified that he had taken over much of the appellant's accounting practice after his first heart attack in March 1962. Mr. Robert E. Levine, appellant's son, an accountant, testified that he took over what was left of his father's accounting business in the summer of 1963, at which time the business brought in around $100 a week; that he was using the basement of the family home as his office; and that the business currently netted around $200 a week. The son testified that he contributed roughly $200 per month towards the upkeep of the family home, and that he occasionally asked his father's advice about accounting and tax problems, although he did his own research.

The last witness was Dr. Regis J. Leonard, professor of education and guidance at Fordham University, who testified that appellant in his present physical condition could fill any one of 87 kinds of jobs, all of which he asserted could be found in the New York metropolitan area. The jobs he listed were sedentary inside jobs generally of a clerical, bookkeeping or accounting nature.

■■ The evidence just summarized leaves no doubt that at the time he made his application, appellant suffered from a "medically determinable physical or mental impairment which can be expected * * * to be of long-continued or indefinite duration." However, disability under the statute involves not only what the applicant can do, but also what employment opportunities there are for a man who can do only what the applicant can do. Kerner v. Flemming, 283 F.2d 916, 921 (2d Cir. 1960). There was substantial evidence before the hearing examiner to support his conclusion that appellant was able to engage in substantial gainful activity. This is not a case in which the only evidence of record to support a denial of disability benefits to one restricted to sedentary activities is a list of job titles purporting to show the existence of light work of a sort the applicant had never done before. See Haley v. Celebrezze, 351 F.2d 516 (10th Cir. 1965); Stancavage v. Celebrezze, 323 F.2d 373 (3d Cir. 1963); cf. Henninger v. Celebrezze, 349 F.2d 808 (6th Cir. 1965). But cf. Gardner v. Gunter, 354 F.2d 755 (5th Cir. 1965). Here, the vocational expert, addressing himself specifically to the problem of finding work for a man with appellant's limited physical ability, pointed out numerous jobs which appellant could fill in the accounting and clerical fields, in which appellant had extensive past experience. Appellant has never sought such light work since his retirement from his former job. See Adams v. Flemming, 276 F.2d 901 (2d Cir. 1960); contrast Janek v. Celebrezze, 336 F.2d 828 (3d Cir. 1964). Moreover, the record indicates that appellant could engage in substantial gainful activity without ever leaving his home, by helping his son carry on the accounting practice which appellant established.

Affirmed.