**Michael McHALE, Plaintiff,**

v.

**David MATHEWS, Secretary of Health, Education and Welfare, Defendant.**

**No. 75 Civ. 5636–LFM.**

United States District Court, S. D. New York.

July 30, 1976.

Oreste Vincent, Catskill, N. Y., for plaintiff.

Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, New York City, for defendant, by Daniel J. Pykett, Asst. U. S. Atty., New York City, for defendant.

## OPINION

MacMAHON, District Judge.

This is an action for review of a final decision of the Secretary of Health, Education and Welfare denying plaintiff's application for disability benefits.

Plaintiff and defendant cross-move for judgment on the pleadings, under Rule 12(c), Fed.R.Civ.P. Judicial review is limited under the Public Health and Welfare Act to a determination of whether the Secretary's administrative decision was supported by substantial evidence.[1] A certified copy of the transcript of the administrative proceedings was filed as part of defendant's answer.

Plaintiff filed his application for disability insurance benefits on November 19, 1973. The application was denied on April 2, 1974, and, after reconsideration, again denied on July 9, 1974. An administrative law judge, before whom plaintiff and his attorney appeared, considered the case *de novo* and found on July 29, 1975 that plaintiff was not under a disability. The decision of the administrative law judge became the final decision of the Secretary when it was approved by the Appeals Council on October 10, 1975.

Plaintiff alleges disability as a result of injuries to his left knee sustained when he was struck by an automobile on September 29, 1973. As a result of that accident, plaintiff also developed a pulmonary embolus. Although plaintiff is not able to continue his prior work as a carpenter, the administrative law judge found that he was physically able to perform various sedentary jobs. Plaintiff claims that, since he is required to keep his left foot elevated while sitting, he is prevented from taking any sedentary employment and is, therefore, totally disabled.

Eligibility for disability insurance benefits under the Public Health and Welfare Act requires a showing by a claimant that he is unable to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to result in death or to last for a continuous period of at least twelve months.[2] Determinations by the Secretary as to the facts concerning claimant's disability are conclusive if supported by substantial evidence.[3] This rule applies not only as to the findings of basic evidentiary facts but also to the inferences and conclusions to be drawn from them.[4] We cannot set aside the Secretary's denial of disability benefits to plaintiff, therefore, if the record contains evidence that a reasonable mind would accept as adequate to support that determination.[5]

Plaintiff, who was thirty-seven years old at the time of the hearing, was born in Ireland and moved to the United States in 1959. He finished high school and attended a vocational school for carpentry.

1. 42 U.S.C. § 405(g).

2. 42 U.S.C. § 423(d).

3. 42 U.S.C. § 405(g).

4. *Levine v. Gardner*, 360 F.2d 727, 730 (2d Cir. 1966); *Sokoloff v. Richardson*, 383 F.Supp. 234 (E.D.N.Y.1973).

5. *Richardson v. Perales*, 402 U.S. 389, 399, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

At the time of the accident, he was employed as a carpenter. Prior to that job, he was a grocery store clerk, a machine tabulator, and a bartender.

As a result of the accident, plaintiff was hospitalized, from September 30 to October 5, 1973, with injuries diagnosed as fracture of the left knee, outer table proximal tibia, multiple contusions, mild cerebral concussion, and lacerations of the right thigh, left temporal region and chin. Plaintiff was also hospitalized from November 10 to December 22, 1973 with post-traumatic deep tibial vein thrombophlebitis of the left calf with pulmonary embolization.

During the early part of 1974, plaintiff engaged in physical therapy to strengthen his left leg. In March, plaintiff was examined by Dr. Paul M. Clark, an orthopedic surgeon, complaining of limited motion in his left knee. He had a range of motion from 95 to 170 degrees and forced hyperextension caused some pain. Dr. Clark did not feel that surgery would improve the range of motion but encouraged plaintiff to continue with rehabilitative exercises.

Dr. Clark saw plaintiff again in June, August and November 1974 and in February 1975. Although plaintiff did show some improvement, the motion in his left knee was still limited, there was some muscle atrophy and lateral instability and tenderness. Plaintiff also developed adhesive capsulitis of the right shoulder which limited its rotation.

Plaintiff submitted a letter from Dr. Paul Snapper, a general practitioner, who had seen plaintiff during the summer of 1974 and twice in 1975. Dr. Snapper's report essentially repeats the diagnosis of Dr. Clark.

Plaintiff tried to return to his carpentry work in the spring of 1974 but was physically unable to do so. He has not worked since the accident. His wife has taken a job, while he stays home and takes care of their three children. He is able to do light chores, drives a car and does the weekly grocery shopping. He has also been attending a community college to take accounting courses.

Mr. Milton Goldstein, a vocational expert, testified at the hearing before the administrative law judge. Considering plaintiff's age, education and work experience, especially his work as a tabulator operator and his accounting courses, Mr. Goldstein stated that there were a number of office-type and factory jobs in the area which plaintiff could perform. All of the jobs he described allowed the employee to stand periodically and to change position.

We may not reweigh the evidence and make our own determination of the correctness of the Secretary's decision.[6] It is the function of the administrative agency to ascribe the proper weight to testimony, giving due regard to credibility and motivation, and finally to evaluate and resolve the conflicting evidence.[7]

The record does contain substantial evidence supporting the Secretary's determination that plaintiff is physically able to accept sedentary employment. Plaintiff claims that his need to keep his left foot slightly elevated by balancing the foot on a cane makes it impossible for him to work in a sitting position. Mr. Goldstein noted, however, that individuals with similar problems were able to support their leg with a brace, or elevate their foot by resting it on a stool or some object placed under their work area. The administrative law judge also commented that when plaintiff attended accounting classes, he sat for two and one-half hours by resting his foot on a rail in front of his desk.

We find, therefore, that the medical and vocational evidence constitute "substantial evidence" sufficient to support the Secretary's final decision that plaintiff has the capacity to engage in gainful employment and, therefore, that he is not entitled to

---

6. *Palmer v. Celebrezze*, 334 F.2d 306 (3d Cir. 1964); *Hofacker v. Weinberger*, 382 F.Supp. 572, 576 (S.D.N.Y.1974); *Reed v. Weinberger*, 382 F.Supp. 782 (D.Kan.1974).

7. *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971); *Miranda v. Secretary of HEW*, 514 F.2d 996 (1st Cir. 1975); *Sokoloff v. Richardson*, *supra*.

disability insurance benefits under the Public Health and Welfare Act.

Accordingly, plaintiff's motion for judgment on the pleadings is denied; defendant's cross-motion for judgment on the pleadings in his favor is granted, and the action is dismissed.

So ordered.