Juan RODRIGUEZ, Plaintiff,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.

No. 76 Civ. 3833(MP).

United States District Court, S. D. New York.

May 16, 1977.

Klein, Cohen & Schwartzenberg by William E. Schwartzenberg, New York City, for plaintiff.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., by Louis G. Corsi, Asst. U. S. Atty., New York City, for defendant.

POLLACK, District Judge.

■ This is a petition for judicial review of a decision denying plaintiff Social Security disability benefits. Both parties have moved for summary judgment. The issue is whether there is substantial evidence supporting HEW's decision that plaintiff was not disabled, *i. e.*, unable to engage in substantial gainful activity by reason of a physical or mental impairment. The plaintiff had insured status no later than March 31, 1969 and has the burden of establishing that an impairment had reached disabling severity by that date.

Plaintiff contends on these motions that the evidence given by Dr. Polivio Cueva showed that he had become disabled by 1965 because of osteo-arthritis, osteo-porosis and other various conditions.

However, Dr. Cueva first examined plaintiff five years later, in 1970. He testified that after viewing various X-rays and a physical examination, he felt that plaintiff's impairment was only "moderate." It was not until Dr. Cueva examined the plaintiff on June 8, 1973 that the doctor changed his mind and expressed the belief that plaintiff's problem had become severe. Dr. Cueva testified that in 1970 plaintiff had a 20–30% limitation of motion of his shoulder.

The HEW hearing examiner held that although plaintiff had complained of pain in his right shoulder as early as February 3, 1969, Dr. Cueva's testimony and the fact

that the impairment did not require follow-up treatment or occasion continuing complaints by plaintiff before 1970 showed that plaintiff had not proved that he was "disabled" before 1970.

In order to establish entitlement to a period of disability and disability insurance benefits plaintiff has the burden of establishing that he was unable to engage in substantial gainful activity by reason of a physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months and the existence of which is demonstrated by evidence supported by data obtained by medically acceptable clinical and laboratory techniques, at a time when he met the insured status requirements of the Act. 42 U.S.C. § 423(d). *Franklin v. Secretary of HEW*, 393 F.2d 640 (2d Cir. 1968).

The mere presence of a disease or impairment is not disabling within the meaning of the Social Security Act. It must be shown that the disease or impairment causes functional limitations which preclude plaintiff from engaging in any substantial gainful activity. *E. g., Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *Waters v. Gardner*, 452 F.2d 855, 857 (9th Cir. 1971); *Mann v. Richardson*, 323 F.Supp. 175, 179 (S.D.N.Y.1971).

When making a finding as to plaintiff's ability or inability to engage in any substantial gainful activity, there are four elements of proof to be considered: (1) objective medical facts and clinical findings; (2) diagnoses and medical opinions of examining physicians; (3) subjective evidence of pain and disability as testified to by plaintiff and corroborated by others who have observed him; and (4) plaintiff's age, educational background, and work history. All of these elements of proof must be considered together and in combination with each other. *Gold v. Secretary of HEW*, 463 F.2d 38, 41 (2d Cir. 1972); *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972); *Underwood v. Ribicoff*, 298 F.2d 850 (4th Cir. 1962).

Section 205(g) of the Act, 42 U.S.C. § 405(g), provides that the findings of the Secretary as to any fact, if supported by substantial evidence,[1] shall be conclusive. Accordingly, the Secretary's findings, if reasonable, should not be disturbed by the Court on review. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Levine v. Gardner*, 360 F.2d 727 (2d Cir. 1966). The conclusive effect of the substantial evidence rule applies not only with respect to the Secretary's findings as to basic evidentiary facts, but also to inferences and conclusions drawn therefrom. *Beane v. Richardson*, 457 F.2d 758, 759 (9th Cir.), *cert. denied*, 409 U.S. 859, 93 S.Ct. 144, 34 L.Ed.2d 105 (1972); *Vineyard v. Gardner*, 376 F.2d 1012, 1014 (8th Cir. 1967); *McHale v. Mathews*, 416 F.Supp. 1191, 1192 (S.D.N.Y.1976).

It is settled law that plaintiff bears the ultimate burden of persuasion to establish inability to engage in any substantial gainful activity and thus entitlement to disability benefits. *Gold v. Secretary of HEW, supra*, 463 F.2d at 41; *Franklin v. Secretary of HEW, supra*, 393 F.2d at 642; *Gardner v. Richardson*, 383 F.Supp. 1, 4 (E.D.Pa.1974).

It is well established that evidence of an impairment which reached disabling severity after the expiration of plaintiff's insured status, or exacerbation of existing impairment after expiration, cannot be the basis for the determination of entitlement to a period of disability and disability insurance benefits, even though the impairment itself may have existed before plaintiff's insured status expired. *DeNafo v. Finch*, 436 F.2d 737, 739 (3d Cir. 1971); *Henry v. Gardner*, 381 F.2d 191, 195 (6th Cir.), *cert.*

---

1. Substantial evidence has been defined by the Supreme Court as " . . . more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) quoting from *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

*denied*, 389 U.S. 993, 88 S.Ct. 492, 19 L.Ed.2d 487 (1967), *rehearing denied*, 389 U.S. 1060, 88 S.Ct. 797, 19 L.Ed.2d 864 (1968); *Mann v. Richardson, supra*, 323 F.Supp. at 177. *See Selig v. Richardson*, 379 F.Supp. 594 (E.D.N.Y.1974).

■ The only significant claim raised by plaintiff lies in his allegation of disabling arthritis. The record, however, fails to establish that plaintiff's alleged arthritic condition was of disabling severity at any time when he met the insured status requirements of the Act.

■ Even assuming that plaintiff suffered some pain due to his alleged arthritic condition prior to the expiration of his insured status, the record does not support a finding of disability on the basis of pain.

■ Plaintiff herein has the burden of proving that, in fact, his pain or discomfort was of such severity that it precluded him from engaging in any substantial gainful activity. *Gaultney v. Weinberger*, 505 F.2d 943, 945–46 (5th Cir. 1974); *Candelaria v. Weinberger*, 389 F.Supp. 613, 616–17 (E.D. Pa.1975).

On the basis of a thorough consideration of the evidence of record, the Secretary concluded that plaintiff had not established that he suffered from any seriously restricting impairment at any time when he met the insured status requirements of the Act.

On the basis of a thorough evaluation of the evidence of record, the Secretary determined that plaintiff failed to sustain the burden of proof that he was under a disability within the meaning of the Act. The Secretary's determination is reasonable and supported by substantial evidence.

There is no need for further evidence and remand therefor is denied.

Accordingly, there being substantial evidence supporting the Secretary's conclusion, summary judgment in favor of defendant is granted and plaintiff's motion for judgment is denied, and the complaint is dismissed.

So ordered.