Jorge RAMIREZ, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendants.

No. 81 Civ. 4944 (KTD).

United States District Court, S.D. New York.

Jan. 10, 1983.

Wendy Brill, New York City, for plaintiff.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City (Carolyn Simpson, Asst. U.S. Atty., New York City, of counsel), Annette H. Blum, Regional Atty., Regional II, Dept. of Health and Human Services, New York City (James E. Healy, Asst. Regional Atty., New York City, of counsel), for defendants.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff Jorge Ramirez filed suit seeking review of the Secretary of Health and Human Services' (the "Secretary") denial of disability insurance benefits under the Social Security Act, 42 U.S.C. § 401 et seq. Secretary Schweiker, moves herein for an order pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings dismissing plaintiff Jorge Ramirez's complaint. For the reasons stated herein, the Secretary's motion is denied and the case is remanded for further proceedings in accordance with this opinion.

### I.

Claimant Ramirez, a thirty-three year old native Puerto Rican, came to the United States as an infant, and returned to Puerto Rico several times during his life. In 1958, at the age of nine, he allegedly began suffering from epileptic convulsions and was treated by Dr. Sergio Pena. Dr. Pena, the Ramirez family doctor, treated the claimant in the United States from his childhood until the late 1970's. Ramirez allegedly has continued to have convulsions once or twice per month throughout his life.

In addition to epilepsy, Dr. Pena diagnosed Ramirez at the time of his disability hearing as suffering from hypertension, chronic gastritis, schizophrenia, drug abuse, and extreme anxiety. Dr. Pena also found that Ramirez had amnesia, which stemmed in part from his childhood illnesses, but which was exacerbated by a November 1970 car accident in Puerto Rico. The plaintiff's testimony at the trial below corroborated Dr. Pena's diagnosis of amnesia as did the testimony of Ramirez's mother who stated that her son had a weak memory and frequently got lost. Ramirez was hospitalized twice in 1970, the first time in the United States for treatment of drug abuse, and the second time in Puerto Rico for injuries sustained in the above-mentioned car accident.

Ramirez's only work experiences were in the summers of 1965 and 1966 when he was employed by the Department of Parks in New York as a park helper, and in 1967 through 1969 when he worked as a factory helper. Ramirez stopped working in 1969 because of increasing nervous disorders, including paranoia, as well as physical sickness. The claimant last met the special earnings requirement on December 31, 1970, one year from the date he last worked. Therefore, he must have been disabled as of that date to qualify for social security disability benefits.

Although Ramirez received benefits from a New York State public assistance grant for several years until 1974, and then social security insurance benefits from 1974 to the present, he did not apply for disability insurance benefits for the period in question until November 30, 1979. His application was denied after a hearing that was conducted on December 16, 1980, by Administrative Law Judge ("ALJ") Ralph A. Celentano. The plaintiff was not represented by an attorney at this hearing, although he was accompanied by a paralegal. This decision by the ALJ became the final decision of the Secretary when it was upheld by the Appeals Council on June 1, 1981.

### II.

The issue before the ALJ was whether Ramirez was disabled on or before December 31, 1970. The ALJ found that although Ramirez currently may be suffering from a severe mental impairment, the objective medical data is insufficient to establish a disabling impairment on or before December 31, 1970.

**1024**

The Secretary's decision will be upheld as final if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). In addition, the Secretary's findings as to basic evidentiary facts and the inferences and conclusions that the Secretary draws therefrom are deemed conclusive if supported by substantial evidence. *Rodriguez v. Califano,* 431 F.Supp. 421 (S.D.N.Y.1977).

In order for an individual to be entitled to disability insurance benefits or SSI benefits, he must carry the initial burden of proving that he was disabled from performing his past job. 42 U.S.C. § 423(d)(5) (1976 & Supp. IV 1980); *Parker v. Harris,* 626 F.2d 225, 231 (2d Cir.1980). Disabled is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (1976). The "impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work." 42 U.S.C. § 423(d)(2)(A) (1976).

The ALJ found that Mr. Ramirez had not met his initial burden. Tr. 8, Findings 3–5. In evaluating the evidence, the ALJ found as follows:

> The claimant's treating source during the time in question indicated a diagnosis of chronic gastritis, hypertension, schizophrenia, epilepsy, and severe anxiety. The treating physician has provided a copy of his notes for the purpose of substantiating the longevity of the impairments diagnosed. He has not, however, reported any definitive laboratory test

> results, x-rays or other objective medical data to substantiate his diagnosis or to gauge the severity of the impairment in question. Such medical reports are provided in the form of examination notes compiled primarily from oral history reported by the claimant. It is, thus, found that such evidence is unreliable, and entitled to little weight.

Tr. 7. This conclusion by the ALJ, as well as his statements throughout the hearing reflect his apparent distrust of the treating physician's medical findings. *See, e.g.,* Tr. 38–43. The major portion of Dr. Pena's findings concerning claimant's asserted disability in 1970 is in the form of a summary of Pena's treatment of the claimant gleaned from the doctor's medical files on Ramirez. No clinical or laboratory results were proffered in support of Dr. Pena's findings.

The expert opinion of a treating physician as to the existence of a disability, however, is binding upon the factfinder unless contradicted by substantial evidence. *Eiden v. Secretary,* 616 F.2d 63, 65 (2d Cir.1980); *Bastien v. Califano,* 572 F.2d 908, 912 (2d Cir.1978). This expert opinion does not have to be " 'supported by "objective" clinical or laboratory findings.' " *McLaughlin v. Secretary,* 612 F.2d 701, 704 (2d Cir.1980) (quoting *Cutler v. Weinberger,* 516 F.2d 1282, 1286–87 (2d Cir.1975)). As the quoted portion above of his opinion suggests, the ALJ apparently incorrectly believed that Dr. Pena's opinion had to be accompanied by medical reports, test results, and the like. Moreover, there was no evidence in the record from which the ALJ could have concluded that Dr. Pena's findings were based only on oral statements of the claimant, and not on medical reports that he has not forwarded.

Dr. Pena's report was excerpted from his files and is sufficient to establish claimant's disability unless the ALJ finds it is outweighed by substantial evidence. The record does not reveal such substantial evidence. The ALJ notes some minor inconsistencies and the omission in various medical reports of any mention of the claimant's convulsions. The strength of such negative

inferences does not seem substantial when confronted by Pena's lengthy and comprehensive report. I note in addition that claimant asserts that his disability stems from more than his alleged convulsions alone. The ALJ seemed to focus solely on the presence or absence of epileptic convulsions. It is settled, however, that a combination of ailments may be sufficient to establish a person's disability when any one of the ailments alone would not have been sufficient legally. *Cutler v. Weinberger, supra,* 516 F.2d at 1285. The various physical and mental deficiencies should be considered to evaluate whether together they may constitute a permanent disability.

In sum, the Secretary's motion is denied, and this case is remanded to the Secretary to reevaluate the evidence consistently with this memorandum and order.

SO ORDERED.