**Joseph MONTAN, Plaintiff,**

**v.**

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 83 Civ. 7250 (CBM).**

United States District Court, S.D. New York.

Nov. 19, 1984.

---

Binder & Binder by Charles E. Binder, Hauppage, N.Y., for plaintiff.

Rudolph W. Giuliani, U.S. Atty. for the S.D. of N.Y. by Donna Lieberman, Annette H. Blum, Michael Noorigian, New York City, for defendant.

## MEMORANDUM OPINION

MOTLEY, Chief Judge.

Plaintiff commences this action seeking judicial review, pursuant to section 205(g) of the Social Security Act, as amended (the "Act"), 42 U.S.C. § 405(g), of a final determination of the Secretary of the Department of Health and Human Services (the "Secretary"), which denied plaintiff's application for federal disability insurance benefits. The case is before this court upon defendant's motion for summary judgment on the pleadings dismissing the complaint, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, defendant's motion is denied and this matter is remanded to the Secretary for further proceedings in accordance with this opinion.

### FACTS

Plaintiff is a fifty-two year old male college graduate with a masters degree in special education. After serving in the armed forces during the Korean conflict, plaintiff worked as medical x-ray technician until 1966. He taught emotionally disturbed children from 1966 until 1978 when he was terminated due to his inability to handle such children. Plaintiff then taught

at another school until he quit in 1980. From 1980 through November, 1982, when his teaching license expired, plaintiff taught children at his home. Plaintiff has not worked since November, 1982.

Plaintiff has no access to a car, travels by public transportation, and is usually accompanied by a friend when he travels. He receives disability compensation from the Veterans Administration.

Plaintiff filed an application for disability insurance benefits on December 24, 1981, seeking benefits as of February, 1980, due to a back injury and a nervous condition. The application was denied initially and on reconsideration. A hearing was held at plaintiff's request on September 28, 1982. The Administrative Law Judge (the "ALJ"), Robert Schwartz, before whom plaintiff and his attorney appeared, determined that plaintiff was not disabled and was capable of returning to his prior work within the field of education. The determination of the ALJ became the final decision of the Secretary when it was approved by the Appeals Council on August 5, 1983.

The medical evidence submitted to the ALJ may be summarized as follows:

Dr. Mario Mancheno examined plaintiff in February, 1982, concerning plaintiff's back injury. Plaintiff told Dr. Mancheno that he had sustained a back injury in 1950, and subsequently reinjured himself in 1978 and 1979. Dr. Mancheno's examination of plaintiff's back failed to reveal any significant limitation of motion or neurological abnormalities. The diagnosis was low back syndrome and Dr. Mancheno opined that plaintiff could walk ten to twelve blocks at a time, sit for six hours at a time, and stand for four hours at a time.

In May, 1982, plaintiff was examined by Dr. Caleb Medley. Dr. Medley found no basis to substantiate plaintiff's claim of a decrease in physical activities and submitted a residual functional capacity evaluation similar to that of Dr. Mancheno.

With respect to plaintiff's nervous condition, plaintiff's treating physician, Dr. Antonio Parras, submitted two reports. One report, dated May, 1981, stated that plaintiff had been seeing another physician from 1951 until 1971. Plaintiff, however, denied this statement at his hearing. Dr. Parras found plaintiff to have a blunted affect and to suffer from depression, partially due to his inability to work. The diagnosis of Dr. Parras was that plaintiff suffered from chronic schizophrenia, paranoid type, with depression. Dr. Parras concluded his report by stating that plaintiff was psychiatrically disabled and unemployable. Dr. Parras' second report, dated July, 1982, indicated no improvement in plaintiff's condition.

In February, 1982, plaintiff was examined by Dr. Juan Fiks. Dr. Fiks diagnosed plaintiff as suffering from adjustment reaction to adult life, with depression. Dr. Fiks found plaintiff's affect to be appropriate and was of the opinion that plaintiff was capable of taking care of his personal needs and doing household chores. He thought plaintiff's claims were exaggerated.

Dr. Richard King examined plaintiff and issued a report in May 1982. His diagnosis was chronic undifferentiated schizophrenia. Dr. King found plaintiff to have a flat affect and suffer from hallucinations. He asserted that plaintiff's claims were consistent with his own findings.

Subsequent to the hearing, but before the decision of the Appeals Council, plaintiff submitted two more physicians' opinions concerning his nervous condition. Dr. Robert Goldstein diagnosed plaintiff as suffering from paranoid schizophrenia and stated that plaintiff was occupationally incapacitated. Dr. Marvin Stone diagnosed plaintiff as suffering from chronic schizophrenia, paranoid type, and opined that plaintiff was incapable of holding down any kind of job.

## DISCUSSION

The issue before this court is whether the Secretary's determination that plaintiff was not disabled, thereby denying plaintiff disability insurance benefits, is supported by substantial evidence. A claimant is con-

sidered disabled and therefore entitled to disability insurance benefits under the Social Security program where he is unable to "engage in any substantial activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1)(A) (Supp. V 1981); 1382-c(a)(3)(A)(1976). The burden of proving such disability rests upon the plaintiff. 42 U.S.C. § 423(d)(5) (Supp. IV 1980); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir.1980).

The regulations set forth a five step sequence for the Secretary to utilize in evaluating disability claims. 20 C.F.R. §§ 404.-1520, 416.920 (1983); *Rivera v. Schweiker*, 717 F.2d 719, 722 (2d Cir.1983). The procedure is summarized in *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir.1982) (per curiam), as follows:

> First, the Secretary considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Secretary next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Secretary will consider him disabled without considering vocational factors such as age, education, and work experience; the Secretary presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Secretary then determines whether there is other work which the claimant could perform.

*Id.* In the five step sequence, claimant bears the burden of proof as to the first four steps while the Secretary bears the burden of proof on the final step. *Id.* at 467.

The objective and subjective factors the Secretary must consider in assessing a claim of disability include: (1) objective medical facts; (2) diagnoses or medical opinions based on these facts; (3) subjective evidence of disability as testified to by the claimant or other witnesses; and (4) the claimant's educational background, age and work experience. *Rivera v. Schweiker*, 717 F.2d at 723; *Parker v. Harris*, 626 F.2d at 231. These factors should be considered together and in combination with each other. *Rodriquez v. Califano*, 431 F.Supp. 421, 423 (S.D.N.Y.1977).

The Secretary's determination must be upheld if it is supported by substantial evidence on the record as a whole; that is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Donato v. Secretary of Health and Human Services*, 721 F.2d 414, 418 (2d Cir.1983). Even if there is also substantial evidence for the plaintiff's position, the Secretary's determination must be upheld so long as the court finds that there is substantial evidence supporting the Secretary's position. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir.1982).

In the instant action, plaintiff has alleged eligibility for disability insurance benefits due to his nervous condition and a back injury. The back injury cannot be considered disabling since there is no medical evidence of record to support plaintiff's contention that this injury severely impairs his ability to engage in substantial gainful activity. Indeed, two physicians' reports attest to the contrary.

The evidence with respect to plaintiff's nervous condition presents a much more difficult issue. The ALJ's determination that plaintiff suffers from schizophrenia, which he termed cyclical in nature, and that such impairment does not significantly limit plaintiff's ability to perform basic

work-related functions is unsupported by substantial evidence. There is no medical evidence of record that suggests plaintiff's schizophrenia is cyclical in nature. In addition, no physicians' report indicates that plaintiff is capable of returning to work in his prior capacity or in any capacity.

■ In general, the expert opinion of a treating physician as to the existence of a disability is binding upon the Secretary unless it is contradicted by substantial evidence. *Donato v. Secretary of Health and Human Services*, 721 F.2d at 419; *Aubeuf v. Schweiker*, 649 F.2d 107, 112 (2d Cir. 1981). In the case at bar, Dr. Parras, plaintiff's treating physician, diagnosed plaintiff as suffering from chronic schizophrenia, paranoid type, with depression. Dr. Parras opined that plaintiff was psychiatrically disabled and unemployable. Moreover, Dr. Parras' opinion was supported by an independent diagnosis of Dr. Richard King.

■ In making his determination, the ALJ seems to have completely rejected the expert medical opinion of Dr. Parras. By failing to state his reasons for the rejection, the ALJ has made it impossible for this court to properly review his determination. Where, as here, the ALJ seemingly rejects the opinions and conclusions of the treating physician, he must make a clear finding to that effect and must "expressly state clear and convincing reasons for doing so." *Ghazibayat v. Schweiker*, 554 F.Supp. 1005, 1016 (S.D.N.Y.1983), quoting *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir.1975). Moreover, the ALJ has "an obligation virtually amounting to an 'affirmative duty' to show clearly in the record that he is aware of the Second Circuit rules governing the opinions of treating physicians." *Ghazibayat v. Schweiker*, 554 F.Supp. at 1016, citing *Chiappa v. Secretary of H.E.W.*, 497 F.Supp. 356, 360 (S.D.N.Y.1980). The record in the instant case is completely devoid of any indication that the ALJ adhered to the Second Circuit's rules concerning the opinions of treating physicians.

■ The ALJ apparently relied heavily upon the opinion of Dr. Fiks in rejecting the opinion of the treating physician. Dr. Fiks, who interviewed plaintiff once, diagnosed plaintiff as suffering from adjustment reaction to adult life, with depression. In Dr. Fik's opinion plaintiff's allegations were exaggerated. This report, standing alone, does not provide the substantial evidence necessary for rejecting the expert medical opinion of the treating physician. This is particularly true since the treating physician's diagnosis is substantiated by the diagnosis of an independent physician.

In conjunction with the fact that the ALJ did not specifically articulate his reasons for rejecting the expert medical opinion of the treating physician and Dr. King, the ALJ's reliance on Dr. Fiks' report for his determination that plaintiff is not severely disabled and is capable of returning to work in the field of education is unwarranted. Dr. Fiks was of the opinion that plaintiff was capable of taking care of his money and certain of his personal needs. Dr. Fiks does not state that plaintiff is capable of returning to work in his former capacity or that plaintiff even is capable of gainful employment in any capacity. The courts of the Second Circuit "have not hesitated to remand for the taking of additional evidence, on good cause shown, where relevant, probative, and available evidence was either not before the Secretary or was not explicitly weighed and considered by him, although such consideration was necessary to a just determination of a claimant's application. *Cutler v. Weinberger*, 516 F.2d 1282, 1285 (2d Cir.1975). This void in the medical testimony of the ALJ relied upon in the instant case precludes this court from fully reviewing the determination of the ALJ.

■ It is not the function of the reviewing court to try the case *de novo*, but rather, assuming the Secretary has applied the correct legal standards, to decide whether the Secretary's determination is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3) (Supp. IV 1980); *Mathews v. Eldridge*, 424 U.S. 319, 329 n.

21, 96 S.Ct. 893, 900 n. 21, 47 L.Ed.2d 18 (1976); *Monguer v. Heckler,* 722 F.2d 1033, 1038 (1983). However, a reviewing court is not required to accept the Secretary's decision where the Secretary failed to apply proper legal principles or failed explicitly to consider evidence necessary to a fair determination of plaintiff's application. *Parker v. Harris,* 626 F.2d at 231; *Cutler v. Weinberger,* 516 F.2d at 1285.

Accordingly, defendant's motion for judgment on the pleadings dismissing the complaint is denied and this matter is remanded to the Secretary for further proceedings consistent with this opinion. A further evaluation of the medical evidence is necessary and, if it be found that plaintiff is disabled, then a further determination is to be made concerning the residual functional capacity of plaintiff to return to work in the field of education or to engage in other gainful employment.