Patrick J. MURPHY, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 97 Civ. 3157(CM).**

United States District Court, S.D. New York.

July 30, 1999.

---

Sheila T. Murphy, Bleakley Platt & Schmidt, White Plains, NY, for Patrick J. Murphy, plaintiff.

Lorraine S. Nivinski, Mary Jo White, U.S. Attorney, New York City, for Secretary of Health and Human Services, defendant.

## MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT DISMISSING THE COMPLAINT

McMAHON, District Judge.

According to the undisputed facts of this Medicare reimbursement case, Patrick J. Murphy's deceased wife, Marilyn, fell ill in Naples, Florida, on February 18, 1990. She was admitted to Naples Community Hospital on that day and transferred to the Intensive Care Unit on February 20,

1990. No one at Naples Community Hospital was able to diagnose her condition, which continued to deteriorate. The Medical Staff felt that she should be transferred to a tertiary care facility elsewhere. They acquiesced in the idea that she should be transferred to Columbia Presbyterian Hospital in New York City, where her doctor was on staff and where her prior medical procedures (a number of childbirths, nothing life-threatening or chronic) had been performed. Her Naples physician insisted, however, that such transfer be made by air ambulance, due to Mrs. Murphy's life-threatening condition (which ultimately resulted in her death some weeks later).

Medicare has refused to reimburse Mr. Murphy for the cost of the air ambulance to New York, on the ground that there were tertiary care facilities located closer to Naples that were capable of treating Mrs. Murphy. Indeed, as the nearest said facility—Lee Memorial Hospital in Ft. Myers, Florida—was within ground ambulance distance of Naples Community Hospital, Medicare will only reimburse Mr. Murphy for an amount equal to the cost of ground ambulance transportation from Naples Community Hospital to Lee Memorial Hospital. That determination has been upheld by an Administrative Law Judge (ALJ) on plaintiff's appeal, and by the Defendant Secretary on further appeal.

Plaintiff now brings this action, seeking to overturn the ALJ's determination. He moves for summary judgment. The Secretary cross-moves, on the ground that the ALJ's decision was supported by substantial evidence. After reviewing the record, it appears to this Court that the Secretary is correct. Therefore, plaintiff's motion is denied and defendant's cross-motion is granted.

■ My review of the ALJ's conclusion is limited. "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g). Substantial evidence

in this context means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). The substantial evidence test applies to inferences and conclusions drawn from basic evidentiary facts as well as the facts themselves. *Rodriguez v. Califano,* 431 F.Supp. 421, 423 (S.D.N.Y.1977) (citations omitted). If, judged by this standard, the Secretary's decision is supported, then it must be upheld, even if there is also substantial evidence supporting the plaintiff's position. *See Schauer v. Schweiker,* 675 F.2d 55, 57 (2d Cir.1982); *Rutherford v. Schweiker,* 685 F.2d 60, 62 (2d Cir.1982). This Court is not empowered to decide the case *de novo.*

■ It is undisputed that the relevant regulation provides for full Medicare Part B coverage of air ambulance transportation only where the evidence clearly establishes that the receiving institution is the nearest one with appropriate facilities. The regulation in question, which is found at 42 C.F.R. § 410.40(e)(1), states that ambulance service will be covered "From any point of origin to the *nearest* hospital ... that is *capable of furnishing the required level and type of care* for the beneficiary's illness or injury." (Emphasis added.) *See also,* Medicare Carriers Manual (hereinafter, "Manual") §§ 2120.3 and 2120.4.D, attached as Exhibit A to Defendant's Brief. The regulations are equally clear that ambulance service to a more distant hospital will not be covered simply to avail the patient of the services of her regular treating physician, or to obtain the best possible treatment where a closer hospital can provide appropriate treatment. *Id.* at § 2120.3.F. The claimant—Mr. Murphy—bore the burden of convincing the ALJ that he was entitled to Medicare coverage as claimed. *Keefe v. Shalala,* 71 F.3d 1060, 1062 (2d Cir.1995); *Friedman v. Secretary of Dept. of Health & Human Ser-*

*vices,* 819 F.2d 42, 45 (2d Cir.1987). Put otherwise, Mr. Murphy was required to prove that Columbia Presbyterian was the nearest facility to Naples, Florida that was capable of providing appropriate care to his wife.

The proof offered by Plaintiff consisted of the testimony of Mrs. Murphy's treating physicians and their doctor's notes. From this evidence, it is quite clear that her doctors believed she would be well served by a transfer to Columbia Presbyterian. Plaintiff therefore challenges the ALJ's decision on the ground that it failed to give appropriate deference to the opinions of Mrs. Murphy's treating physicians, who, plaintiff alleges, recommended transfer to Columbia Presbyterian, not to Lee Memorial or any other nearby facility.

The parties dispute whether it is appropriate to apply the so-called "treating physician" rule—a judicially-created rule that gives special weight to certain opinions by a patient's treating physicians—in a Medicare reimbursement case. The treating physician rule was developed in the context of Social Security disability cases. At one time, the Second Circuit opined that it *might* also apply in Medicare reimbursement proceedings like this one. *See Keefe ex rel. Keefe v. Shalala,* 71 F.3d 1060 (2d Cir.1995). (Notably, in *Keefe ex rel. Keefe* the Court of Appeals sustained the Secretary's denial of reimbursement for air ambulance services.) However, the Second Circuit has never so held, *see Keefe v. Shalala,* 71 F.3d at 1064, and the Secretary argues that this speculative dicta contradicts a prior Second Circuit case, which held that the treating physician rule did not apply in Medicare reimbursement cases, because the Secretary had validly codified a different rule of proof. *Schisler v. Sullivan,* 3 F.3d 563, 569 (2d Cir.1993).

■ The Secretary appears to have the better of this argument, but ultimately it is not necessary to reach the question, because none of Mrs. Murphy's treating physicians ever opined that Columbia Presbyterian was the nearest hospital with appropriate facilities for treating her. Indeed, none of her physicians opined that Columbia Presbyterian offered any advantage over tertiary care facilities located closer to Naples, Florida, except in the following particulars: (1) plaintiff's medical records were at Columbia; (2) plaintiff's personal physician had admitting privileges there; and (3) plaintiff's family would be close by. That may indeed make Columbia Presbyterian the "most appropriate choice" for plaintiff's care, as her treating physician at Naples, Dr. Thatcher, stated in his testimony before the ALJ. Indeed, this Court has no doubt that Columbia Presbyterian was the most desirable place for Mrs. Murphy to be, given the fact that it is a world-class hospital and that the patient's family would be nearby. But the Medicare regulations do not authorize reimbursement for transportation to the "most appropriate" hospital. They authorize reimbursement for transportation to the *nearest* facility—i.e., the facility that is most physically proximate to the insured's location—that has the ability to give the patient the treatment she needs. The regulations quite clearly do not authorize reimbursement for ambulance service to a distant hospital in order to avail the patient of the services of her regular physician. *See* Manual § 2120.3.F. Furthermore, the invention of the fax machine makes the whereabouts of a patient's medical records irrelevant.[1]

While plaintiff would have the Court interpret the treating physician's notes dif-

---

1. In any event, the record shows that plaintiff had never had any extraordinary medical condition that the staff at Columbia Presbyterian had treated in the past, and does not demonstrate that her personal physician had any expertise in the type of illness that apparently caused Mrs. Murphy's demise: cardiac arrest, probably induced by thrombotic thrombocytopenic purpura (a relatively rare syndrome that causes clots in the small capillaries or blood vessels and can lead to anemia, renal failure, neurological problems and heart attack). Harrison, *Principles of Internal Medicine* 1751–52 (13th ed.1994).

ferently, the only fair inference I can draw from them—and the inference that the ALJ obviously drew from them—is that the family wanted to bring Mrs. Murphy home, and that her doctors were not averse to doing that, provided she took an air ambulance. The fact that the treating physicians did not recommend any facilities in Florida is far more likely due to the family's preference for bringing her back to New York than to the doctors' conscious determination that no hospital in Florida— or anywhere closer than New York City— was capable of handling Mrs. Murphy's case. Indeed, it strains credibility to think that no hospital or medical center in the 1500 miles between Naples, Florida and New York City was able to offer appropriate care of a patient with difficult-to-diagnose heart problems.

 Plaintiff also challenges the ALJ's decision on the ground that he relied on inadmissible hearsay, in the form of a telephone conversation with an unnamed employee of Lee Memorial Hospital, in order to establish that that facility could have provided appropriate care to plaintiff's wife. However, the Medicare regulations expressly authorize an ALJ to rely on evidence that would not be admissible in a court of law, and this Court cannot conclude that the contents of the telephone call should be disregarded on that basis. *See* 42 C.F.R. § 405.830(b). Plaintiff, who bears the burden of demonstrating his entitlement to reimbursement, has had ample opportunity to rebut the hearsay evidence offered by the Secretary, both at the administrative hearing and at the subsequent administrative appeal. He has failed to adduce any evidence from which the ALJ or this Court could conclude that Lee Memorial or some closer hospital *did not* have the facilities to give Mrs. Murphy appropriate treatment.

The Murphy family's desire to provide the best possible care for their wife and mother, under circumstances that would allow the family members to be closely involved in her treatment, is both under-

standable and admirable. That does not, however, mean that Medicare covers the cost of flying her from Florida to New York. The ALJ's decision was supported by substantial evidence, especially in light of plaintiff's failure to sustain his burden of proving that Columbia Presbyterian was the only place in the Eastern United States that could take care of her.

Plaintiff's motion for summary judgment is denied and defendant's is granted. The Clerk is directed to enter judgment dismissing the Complaint.

This constitutes the decision and order of the Court.