**Rogelio SANTIAGO, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 88 Civ. 6859 (WK).**

United States District Court, S.D. New York.

July 14, 1989.

Toby Golick, Steven M. Weiner, Legal Intern, Cardozo Bet Tzedek Legal Services, New York City, for plaintiff.

Benito Romano, U.S. Atty., S.D. New York, Kathleen A. Zebrowski, Asst. U.S. Atty., New York City, for defendant.

### MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

This action seeks reversal of a final determination of the defendant Secretary denying plaintiff's application for Supplemental Security Income (SSI) disability benefits. After the Secretary moved for judgment on the pleadings pursuant to 42 U.S. C. 405(g), we appointed counsel for plaintiff, and plaintiff has now cross-moved for judgment on the pleadings. For reasons which follow, we reverse and remand for calculation of benefits.

### FACTS

We set forth only the facts necessary to our determination. Plaintiff is 58 years old. He was educated through the 8th grade in Puerto Rico, and although illiterate in English, can speak English and can read and write in Spanish. His work history has consisted of physical labor: as a restaurant and grocery store worker, and

lastly as a gas station attendant. Plaintiff has not worked since January 12, 1986, when he injured his lumbar spine in a fall on an ice-covered sidewalk.

Plaintiff has been treated twice per week since the accident by Dr. Serafin Izquierdo, a chiropractor. Dr. Izquierdo submitted a letter to the Secretary stating that plaintiff was being treated for "acute low back derangement" with a "possible herniated disc (herniated nucleus palposus)," and further opining that plaintiff was "totally disabled and ... unable to do any type of work." Dr. Izquierdo later completed a residual functional capacity report for the Secretary, in which he diagnosed plaintiff's condition as "Acute Lumbosacral Strain Sprain & Hernia (inguinal). Sciatic Neuritis." He determined plaintiff's prognosis to be "fair to good," but further opined that the condition would last at least 12 months, that plaintiff could sit and/or stand continuously for no more than 10 minutes, that he could not lift or carry at all. He reiterated his opinion that plaintiff "at [that] time [was] totally disabled."

Plaintiff was also examined in connection with this benefits application by Dr. Shumofsky, a consultative physician appointed by the Secretary. Dr. Shumofsky's examination found a normal range of motion in most areas of the body, but upon performance of a straight leg raising test, he noted a finding of "SLR to 70 [degrees]. Can be pushed another 10 [degrees] on either side but [complains of] severe pain in the lower back." Back x-rays disclosed "minimal intervertebral joint change—degenerative arthritis of the right sacroiliac joint." His stated "impression," the concluding portion of his report, was "56 [year old] male [complains of] low back pain with minimal x-ray findings to corroborate this, with SLR to 75 [degrees] with pain." (He further diagnosed a possible heel spur). Dr. Shumofsky gave no opinion as to disability.

The reports of these two doctors comprised the significant medical evidence before ALJ Jeffrey W. Kohlman, who found plaintiff able to perform his past work as a gas station attendant or other "light work." The Appeals Council upheld the ALJ's determination.

## DISCUSSION

 Under the oft-stated law of this Circuit, "the expert opinion of a claimant's treating physician regarding his 'medical disability, i.e. diagnosis and nature and degree of impairment, is ... binding on the fact-finder unless controverted by substantial evidence.'" *Hidalgo v. Bowen,* (2nd Cir.1987) 822 F.2d 294, 296–97, quoting *Schisler v. Heckler,* (2nd Cir.1986), 787 F.2d 76, 81. This case presents the question of whether the opinion of Dr. Izquierdo, a licensed chiropractor but not a medical doctor, is entitled to such binding effect. Two recent opinions in this district have accorded such effect to a treating chiropractor's opinion, albeit without discussion and in cases where there were other consistent treating physician reports. *See Guardino v. Bowen* (S.D.N.Y.1987) 662 F.Supp. 781, 785; *Buttron v. Heckler* (S.D.N.Y.1985) 610 F.Supp. 763, 769. In *Vasquez v. Secretary of Health and Human Services* (S.D.N.Y. 1986) 632 F.Supp. 1560, the court ruled to the contrary, *id.* at 1565, relying—as the Secretary does here—on 20 C.F.R. § 404.1513(a), which in defining "acceptable medical sources" does not list chiropractors. Chiropractors are, however, later mentioned in the same section as being one of "other sources [that] may also help us to understand how your impairment affects your ability to work." § 404.1513(e)(3).

We do not read § 404.1513(a) to preclude application of the "treating physician" rule to chiropractors under appropriate circumstances. To state explicitly that which was implied in *Guardino* and *Buttron,* we conclude that a treating chiropractor's opinion as to the "diagnosis and nature and degree of impairment" arising from a condition within the chiropractor's field of expertise should ordinarily be accorded a binding effect under the "treating physician" rule. Chiropractors undergo a rigorous four-year training program (the same length as medical school), in which they are trained in the diagnosis and treatment of spinal conditions. As a condition of licensure by New

York State, they must complete the four-year program and pass examinations in various scientific and clinical areas, including the use of X-rays. N.Y. Educ. Law § 6554. They are further subject to the supervision of a state board on matters of licensing and professional conduct. N.Y. Educ. Law § 6553. Where, as here, a disability claimant has received regular and frequent treatment by a chiropractor, over an extended period, for an injury to his spine, there is no rational reason why the chiropractor's opinion on the nature and extent of disability should not receive the same weight accorded under the law to opinions of treating physicians.

Application of the "treating physician" rule in this case mandates reversal of the Secretary's decision. Dr. Izquierdo's twice-stated opinion on the degree of disability is supported by his diagnosis, and is not contradicted by Dr. Shumofsky. To the extent he verified the plaintiff's complaints of pain through physical testing, the latter's findings would seem to support those of Dr. Izquierdo. In short, there is no substantial evidence in the record sufficient to overcome Dr. Izquierdo's opinion.

Accordingly, the ALJ's determination that plaintiff could perform his past relevant work or other "light work" is reversed. As the record makes clear that the Secretary would have no hope of carrying his burden of proving that plaintiff could perform some other type of work in the national economy, we remand to the Secretary solely for calculation and disbursement of benefits.

## CONCLUSION

Plaintiff's motion for judgment on the pleadings is granted, and the matter is remanded to the defendant Secretary for calculation and disbursement of disability benefits.