**Juana DIAZ, S.S. # 322–46–8438, Plaintiff,**

v.

**SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. CV 93–2697.**

United States District Court, E.D. New York.

June 2, 1994.

---

Scheine, Fusco, Brandenstein & Rada, P.C. (John Antonowicz, of counsel), Woodbury, NY, for plaintiff.

Zachary W. Carter, U.S. Atty. (Michelle T. Weiner, Catherine R. Andrew, of counsel), Brooklyn, NY, for defendant.

NICKERSON, District Judge:

Plaintiff brought this action to review a final determination of defendant Secretary of

---

Health and Human Services denying plaintiff's claim for disability insurance benefits under the Social Security Act. Both parties move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## I

The following facts are not disputed.

Plaintiff, born in the Dominican Republic in 1946, received a college education there and took some college courses in the United States. She has difficulty reading and writing English and used an interpreter at the administrative hearing. She has performed a variety of jobs, including operating sewing machines, button machines, eyeglass lenscutting machines, and computers. She also has worked for the U.S. Bureau of the Census as an interviewer and in a day care center as an assistant teacher.

At the time of her accident, plaintiff was an electrical outlet assembler at a factory. While at work on September 24, 1990 she fell headfirst down a flight of escalator stairs and suffered injury to her head, neck, and back.

Her June 24, 1991 application for benefits was denied. In a decision dated October 28, 1992 an Administrative Law Judge (ALJ) found plaintiff not disabled, and on May 28, 1993 the Appeals Council affirmed. On June 17, 1993 plaintiff brought this action.

## II

Plaintiff says that the ALJ failed to (1) give sufficient weight to the opinion of plaintiff's treating chiropractor, (2) afford plaintiff an opportunity to cross-examine the author of a medical report, and (3) set forth the plaintiff's limitations with specificity. The court may overturn the Secretary's determination only when it is unsupported by substantial evidence. 42 U.S.C. § 405(g).

### A

Plaintiff says that this court should overturn the Secretary's determination because the ALJ failed to give sufficient weight to the opinion of plaintiff's treating chiropractor.

Under the Secretary's regulations, the opinion of a treating physician is entitled to controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d). Moreover, the longer a doctor treats a claimant, the more weight his opinion should be granted. 20 C.F.R. § 404.1527(d)(2)(i) and (ii).

This court has held previously that "a treating chiropractor's opinion as to the diagnosis and nature of impairment arising from a condition within the chiropractor's field of expertise should ordinarily have a binding effect under the treating physician rule in the absence of substantial evidence to the contrary." *Gaymon v. Sullivan,* 759 F.Supp. 106, 108 (E.D.N.Y.1991) (*citing Santiago v. Bowen,* 715 F.Supp. 614, 615 (S.D.N.Y.1989)); *see also Poole v. Railroad Retirement Board,* 905 F.2d 654, 662 (2d Cir.1990) (declining to rule on whether treating physician rule includes chiropractors, but noting that chiropractor's opinion entitled to "significant weight").

The Second Circuit has held that district courts are bound by the Secretary of Health and Human Services regulations regarding the treating physician rule. *Schisler v. Sullivan,* 3 F.3d 563 (2d Cir.1993) ("*Schisler III*"). The Secretary argues that because chiropractors are not specifically mentioned in 20 C.F.R. § 404.1513(a), the court, pursuant to *Schisler III* and presumably in accordance with the Second Circuit's retroactivity rule announced in *Butts v. City of New York Dep't of Housing,* 990 F.2d 1397 (2d Cir. 1993), should not find a chiropractor to be an acceptable medical source.

*Schisler III* merely instructs the courts to apply the Secretary's regulations. It does not eradicate the courts' prior interpretations of those regulations. The opinions in this circuit that have granted extra weight to the opinions of treating chiropractors are based not on an interpretation of the Second Circuit's previous treating physician rule, but on an interpretation of the very regulation that the Secretary would have the court apply. See, for example, *Santiago v. Bowen, supra,* at 615–16, referring to § 404.1513(a) but also to § 404.1513(e)(3), which the Secretary does

not mention in the brief. The latter section refers to "chiropractors" as a source that may "help us to understand how your impairment affects your ability to work."

■ For the reasons stated in that case "there is no rational reason why the chiropractor's opinion on the nature and extent of disability should not receive the same weight accorded under the law to the opinions of treating physicians." *Santiago,* 715 F.Supp. at 616. Accordingly, the court finds that the opinion of Dr. Sadigh, as plaintiff's treating doctor, as to the diagnosis and nature of impairment arising from plaintiff's condition, has a binding effect under the treating physician rule in the absence of substantial evidence to the contrary.

### B

■ Dr. Sadigh has been plaintiff's treating doctor since October 26, 1990. In a report dated March 20, 1991 he stated that plaintiff had acute moderate cervical and lumbar sprain/strain, cervical disc syndrome, lumbar sciatic neuritis, and encephalgia. He stated that plaintiff can sit for only one to two hours per day and stand or walk for only two to three hours per day. She is unable to carry more than ten pounds.

In a report dated March 24, 1992 Dr. Sadigh stated that "she has poor quality of life due to persistent pain symptoms," and that "because of injuries sustained in the accident, she has been unable to resume full physical activities at her job and had been unable to engage in other vocational, housework or personal pursuits of a physical nature." He noted that her neck had a "greatly diminished range of motion," she is "in a perpetual state of discomfort and pain," and that, in addition to the above diagnosed ailments, plaintiff also had lumbar radiculopathy and acute moderate to severe cervical and thoraco-lumbar myalgia.

Finally, in a report dated April 28, 1992 Dr. Sadigh found that plaintiff could perform only "less than a full range of sedentary work."

Dr. Elliot Wiseman, a neurologist, saw plaintiff several times. In a January 17, 1991 examination Dr. Wiseman found some limitation of motion and radiculopathy. He opined that "[a]t the present time, due to the accident, patient is unable to perform all her usual duties because there is restricted range of motion, pain and muscle spasticity." An EMG that he performed on January 21, 1991 indicated that plaintiff had left lumbar radiculopathy. Dr. Wiseman stated that plaintiff was totally disabled.

The Secretary, while conceding that Dr. Wiseman's report corroborates Dr. Sadigh's finding of total disability, asserts that the opinions of three other doctors, as well as a magnetic resonance imaging (MRI) contradict Drs. Sadigh and Wiseman, and that these opinions constitute substantial evidence in support of the Secretary's decision.

In an October 24, 1991 examination, Dr. K. Seo found that plaintiff walks with a normal gait, has no difficulty standing up from the sitting position, and has fine motor coordination. But Dr. Seo also found a mild spasm of the sternocleidomastoid muscles, paraspinal muscle spasm, atrophy of the left thigh muscle, cervical radiculopathy, and low back derangement. He opined that plaintiff "may be" able to stand and walk for over one hour and lift and carry more than ten pounds.

In an October 29, 1991 examination, Dr. Nirou found that plaintiff had mild restriction in cervical motions, right para cervical tenderness over the trapezius, and some numbness and atrophy in the left leg. Dr. Nirou found that plaintiff was partially disabled.

Neither Dr. Seo nor Dr. Nirou performed neurological tests such as the EMG study that documented radiculopathy. In any event, the findings of Drs. Seo and Nirou, based on their limited examinations, do not contradict the findings of Drs. Sadigh and Wiseman.

In an orthopedic evaluation dated August 7, 1991 Dr. David Weiss found that plaintiff had a "mild partial orthopedic disability" and was able to heel-and-toe walk, bend forward and touch her ankles, and bend back with only moderate discomfort. He found that her spine was without deformity or tenderness, her cervical spine flexion and extension was full, her rotation was mildly restricted,

and that her upper and lower extremity motor, sensory, and reflexes were intact. He found that plaintiff had mild partial orthopedic disability. He made no determination as to whether plaintiff could resume her work.

Dr. Weiss is a non-treating physician who examined plaintiff at the request of the State Insurance Fund, the workers' compensation insurance company responsible for paying plaintiff's workers' compensation disability benefits. The findings of Dr. Weiss do not provide substantial contradictory evidence. He "prepared reports at the behest of a party with a vested interest in minimizing plaintiff's impairments. '[A] report submitted by a witness whose self-interest may well have dictated its contents cannot and should not be permitted to constitute substantial evidence.'" *Odorizzi v. Sullivan,* 841 F.Supp. 72, 78 (E.D.N.Y.1993) (*quoting Cullinane v. Secretary of Dep't of Health & Human Servs.,* 728 F.2d 137, 139 (2d Cir. 1984)).

Finally, on March 12, 1991 plaintiff underwent magnetic resonance imaging (MRI) of the lumbar spine. Dr. David P. Gerstman, a radiologist, reported that the test was negative, finding no evidence of disc degeneration, disc herniation, nerve root impingement, fracture, neoplasm, congenital abnormality, or ligamentous damage. The report contains no recommendations or further diagnoses and certainly is not a conclusive finding of plaintiff's total physical condition. It does not substantially contradict the findings of Drs. Sadigh and Wiseman.

### C

Dr. Sadigh's opinion was entitled to controlling weight. The ALJ's finding that it was not entitled to such weight was not supported by substantial evidence.

Moreover, Dr. Sadigh has been treating plaintiff for over three years at a frequency varying from three times a week to twice a month. Even if an ALJ applying the current regulations were to determine that Dr. Sadigh's opinion did not warrant controlling weight, his opinion is entitled to great weight because of his long history of treating the plaintiff. 20 C.F.R. § 404.1527(d)(2)(i). The

other evidence does not outweigh Dr. Sadigh's opinion.

### D

Because the court determines that there was not substantial evidence to support the Secretary's decision, it need not address plaintiff's other claims.

### III

Plaintiff's motion for judgment on the pleadings is granted, and the case remanded for calculation of benefits.

So ordered.